```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
Eli A. Evans,

                Plaintiff,              MEMORANDUM & ORDER

    - against -                         No. 22-cv-3882 (KAM) (JRC)

Rachel Adams,

                Defendant.
-----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Plaintiff Eli A. Evans commenced this action *pro se* against Justice Rachel Adams of the Kings County Supreme Court, alleging various federal constitutional and statutory violations and seeking various forms of declaratory relief regarding her adjudication of domestic relations proceedings involving him. (ECF No. 34, 2d Am. Compl. ("3d Am. Compl.").)[1]  Justice Adams now moves to dismiss this action, arguing that the Court lacks subject-matter jurisdiction over the claims against her and that Evans has failed to state a claim upon which relief can be granted.  (ECF No. 43-1, Notice Mot. Dismiss 3d Am. Compl.)  For the reasons stated below, the Court grants Justice Adams's motion, dismisses this action without prejudice for lack of subject-matter jurisdiction, and denies Evans leave to amend.

---

[1] The operative Third Amended Complaint is incorrectly captioned as a "Second Amended Complaint."

## BACKGROUND

Evans's wife filed a family offense petition against him in the Kings County Family Court, which resulted in an order of protection. (ECF No. 19, 1st Am. Compl. ("2d Am. Compl."), ¶¶ 30-31, 43.)[2] Evans then commenced a divorce action in the Kings County Supreme Court, which was assigned to Justice Adams. (*Id.* ¶ 40.) He later filed his own family offense petition against his wife. (*Id.* ¶ 70.) Justice Adams entered an order removing the family offense petitions from the Family Court and consolidating them into the matrimonial action pending in the Supreme Court. (ECF No. 40-3, Decl. Supp. Justice Adams's Mot. Dismiss 3d Am. Compl. ("Sonnenfeldt Decl."), Ex. F.)[3] After Justice Adams extended the order of protection, (3d Am. Compl. ¶ 26; *see* Sonnenfeldt Decl. Ex. G), Evans discharged his attorney and elected to proceed *pro se*, (Sonnenfeldt Decl. Ex. A). Justice Adams issued an order requiring him to obtain court permission before submitting additional filings. (3d Am. Compl. ¶ 51; Sonnenfeldt Decl. Ex. H.)

Justice Adams also issued an order limiting electronic devices in the courtroom. (3d Am. Compl. ¶ 62.) Evans

---

[2] The Third Amended Complaint states that it "supplements" the Second Amended Complaint. (3d Am. Compl. ¶ 19.) Thus, the Court cites to the Second Amended Complaint (incorrectly captioned as a "First Amended Complaint") to provide background details absent from the Third Amended Complaint.
[3] The Court takes judicial notice of the filings from the underlying state court action to establish the existence of those filings, not to establish the truth of any matter asserted in them. *See Beauvoir v. Israel*, 794 F.3d 244, 248 n.4 (2d Cir. 2015).

2

requested an accommodation with respect to that order under the Americans with Disabilities Act, which Justice Adams denied on December 7, 2022, on the ground that Evans failed to submit corroborating documentation. (*Id.* ¶¶ 55-58.) At a hearing that day, Justice Adams issued an order granting in part Evans's wife's family offense petition and dismissing Evans's family offense petition after he did not appear at the argument. (*Id.* ¶ 66; *see* Sonnenfeldt Decl. Ex. L at 8:21-9:11.) While the argument proceeded, Evans was outside the courtroom seeking "clarity" from court security officers regarding Justice Adams's electronic device order. (3d Am. Compl. ¶¶ 63-64.)

Evans commenced the instant action *pro se* against Justice Adams on June 30, 2022, (ECF No. 1, Compl. for Violation of Civil Rights), and filed a recusal motion against Justice Adams in the state court the next day, (Sonnenfeldt Decl. Ex. B). After Justice Adams declined to recuse herself, Evans moved this Court to issue a temporary restraining order or preliminary injunction prohibiting Justice Adams "from presiding over [his] current divorce proceeding in New York Supreme Court Kings County." (ECF No. 4, Pet. TRO & Prelim. Inj., at 2.) The Court denied the motion on the grounds that Evans failed to comply with Federal Rule of Civil Procedure 65, establish that irreparable harm would have resulted in the absence of preliminary injunctive relief, or establish a likelihood of

3

success on the merits.  (ECF No. 5, Order, at 3-7.)

On July 19, 2022, Evans amended his complaint.  (ECF No. 6, 1st Am. Compl. for Violation of Civil Rights.)  At a pre-motion conference on August 23, 2022, regarding Justice Adams's anticipated motion to dismiss, the Court granted Evans "a final opportunity to amend his complaint" and set a briefing schedule on Justice Adams's motion to dismiss.  Evans filed his Second Amended Complaint on September 28, 2022, but moved for leave to amend again instead of opposing Justice Adams's motion to dismiss, (ECF No. 24, Dec. 16, 2022, Ltr. from E. Evans).  On January 24, 2023, the Court granted Evans another "final opportunity" to amend his complaint, this time explicitly informing Evans that he would "not be granted further leave to amend."

On February 7, 2023, Evans filed the operative Third Amended Complaint, alleging that Justice Adams violated the Constitution and Americans with Disabilities Act in various ways with respect to her adjudication of the underlying state court action.  (*See generally* 3d Am. Compl.)  He also "asserts various supplemental claims under New York state law," though he does not state precisely what the state law claims are.  (*Id.* ¶ 8.)  Evans seeks a declaratory judgment regarding his "right to maintain familial association" with his children, his "right to obtain an order of protection," his "right to equal protection

of the law," his "right to a jury trial in the state court divorce action," and his "right to access the court." (*Id.* ¶ 5.) He also "seeks declaratory damages." (*Id.* ¶ 8.) Justice Adams now moves to dismiss this action. (ECF No. 43-1.)[4]

## LEGAL STANDARDS

Justice Adams's motion to dismiss raises arguments under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

### I. Motion to Dismiss for Lack of Subject-Matter Jurisdiction

A motion under Rule 12(b)(1) challenges the court's authority to adjudicate the action. *Brokamp v. James*, 66 F.4th 374, 386 (2d Cir. 2023). The plaintiff has the burden to establish subject-matter jurisdiction by a preponderance of the evidence. *Collins v. United States*, 996 F.3d 102, 108 (2d Cir. 2021). In resolving a motion under Rule 12(b)(1), the Court may consider affidavits or other materials beyond the pleadings. *Harty v. West Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022).

### II. Motion to Dismiss for Failure to State a Claim

A motion under Rule 12(b)(6) challenges the complaint's legal sufficiency. *NexPoint Diversified Real Estate Tr. v. Acis Cap. Mgmt., L.P.*, 80 F.4th 413, 417 (2d Cir. 2023). To survive

---

[4] After the motion was fully briefed, Evans filed a letter accusing Justice Adams of corruption. (ECF No. 45, Apr. 11, 2023, Ltr. from E. Evans.) The Court has reviewed the letter and concludes that it contains no information affecting the Court's resolution of Justice Adams's motion. Thus, Justice Adams's letter request for the Court not to consider Evans's letter, (ECF No. 46, Apr. 12, 2023, Ltr. from J. Sonnenfeldt), is denied as moot.

5

a Rule 12(b)(6) motion, the complaint must state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if the complaint alleges enough factual matter to support a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The court must assume the truth of the complaint's well-pleaded factual allegations but disregard any legal conclusions couched as factual allegations. *Id.* In resolving a motion under Rule 12(b)(6), the court must limit its consideration to the complaint, documents incorporated by reference into the complaint, documents not incorporated but nonetheless integral to the complaint, and matters properly subject to judicial notice. *Clark v. Hanley*, 89 F.4th 78, 93 (2d Cir. 2023).

## DISCUSSION

In resolving Justice Adams's motion and evaluating the Third Amended Complaint, the Court heeds the Second Circuit's directive to hold *pro se* filings to less stringent standards than it would hold counseled filings and to liberally construe them to raise the strongest arguments they suggest. *See Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012).

I.  **Subject-Matter Jurisdiction**

A motion to dismiss for lack of subject-matter jurisdiction challenges a court's very authority to entertain an action, so the Court must address Justice Adams's arguments regarding

6

subject-matter jurisdiction before it addresses her arguments that Evans has failed to state a claim. *See Levy v. Endeavor Air Inc.*, 638 F. Supp. 3d 324, 327 (E.D.N.Y. 2022). Justice Adams argues the Court lacks subject-matter jurisdiction based on the doctrines of state sovereign immunity,[5] domestic relations abstention, and *Younger* abstention. (ECF No. 43-2, Mem. Law Supp. Def.'s Mot. Dismiss 3d Am. Compl., at 12–13, 17–19); *see Younger v. Harris*, 401 U.S. 37 (1971). If she prevails on any of these three arguments, the Court lacks jurisdiction to proceed any further and must dismiss this action.

The Court concludes that it lacks subject-matter jurisdiction over this action based on the domestic relations abstention doctrine. As the Second Circuit explained in *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (quoting *Bossom v. Bossom*, 551 F.2d 474, 475 (2d Cir. 1976)), "[a] federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." *See also Deem v. DiMella-Deem*, 941 F.3d 618, 625 (2d Cir. 2019)

---

[5] Though Justice Adams raises state sovereign immunity in the Rule 12(b)(1) portion of her motion, it remains unresolved in the Second Circuit whether state sovereign immunity is a jurisdictional or merits defense. *See Sanders v. Parker*, No. 22-cv-5141 (PKC), 2023 WL 4902496, at *2 n.5 (E.D.N.Y. Aug. 1, 2023). The Court need not address that ambiguity further because the Court's resolution of Justice Adams's motion does not hinge on her state sovereign immunity argument.

7

(explaining that "*American Airlines* continues to be the law of this Circuit" after relevant intervening Supreme Court precedent).[6]  When a case calls for a federal court to interpret state domestic relations law or "immerse itself in domestic relations matters," the court must abstain from proceeding with the case due to the state courts' "greater interest and expertise" in that field.  *American Airlines*, 905 F.2d at 14.

This is precisely the type of case that *American Airlines* requires federal courts to abstain from entertaining.  Though Evans frames his allegations in constitutional terms, his requested relief as a practical matter would have this Court review and overturn Justice Adams's decisions in the underlying state court action.  *See Bey v. ACS*, No. 20-cv-729 (LLS), 2020 WL 1699956, at *3 (S.D.N.Y. Apr. 6, 2020) (abstaining where plaintiff sought to "vacate or overturn family court orders regarding custody, visitation, and child support").  A declaratory judgment action requesting this Court to opine on Evans's "right to maintain familial association" with his children and "right to obtain an order of protection," (*see* 3d Am. Compl. ¶ 5), is "on the verge" of being matrimonial in

---

[6] The domestic relations abstention doctrine differs from the domestic relations "exception" to a federal district court's diversity jurisdiction. The exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees" in diversity cases. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).  Abstention, on the other hand, applies in federal question cases and is not confined to the "narrow" issues that the exception is.  *Mochary v. Bergstein*, 42 F.4th 80, 89 n.15 (2d Cir. 2022).

8

nature, *see Deem*, 941 F.3d at 620 (affirming abstention where plaintiff alleged order of protection resulted from defendants' conspiracy to "maliciously prosecute him and to violate his right to intimate association with his children"). The Court cannot grant the relief Evans requests without treading upon the state court's greater interest in resolving domestic relations disputes. *See American Airlines*, 905 F.2d at 14–15.

Evans does not avoid abstention by including additional requests for declaratory relief regarding Justice Adams's alleged discrimination against him, his right to a jury trial, and his right to access the state court. (*See* 3d Am. Compl. ¶ 5.) Although a declaratory judgment stating, for example, that Evans "has a right to a jury trial in the state court divorce action," (*see id.*), would not immediately adjudicate a substantive domestic relations issue, it still would "directly interfere" with a state court action that ultimately *will* determine such issues, *see Deem v. DiMella-Deem*, 800 F. App'x 62 (2d Cir. 2020) (summary order) (affirming abstention where one of plaintiff's alleged injuries was "denial of due process"). The Court lacks that authority.

Evans also has not plausibly alleged any obstacle impeding the full and fair determination of his state court action. *See American Airlines*, 905 F.2d at 14. Evans may continue to avail himself of the state court, which has "greater familiarity" with

9

this case and already has "invested substantial judicial resources" in it. *See Reeves v. Reeves*, No. 22-cv-2544 (JGK), 2022 WL 1125267, at *1 (S.D.N.Y. Apr. 14, 2022). Evans's conclusory statements accusing the state court of violating the Constitution without more do not establish an obstacle to a full and fair determination. *See Chapman v. Maycock*, No. 21-cv-4940 (KAM), 2021 WL 6091749, at *4 (E.D.N.Y. Dec. 23, 2021). Evans may raise those constitutional claims in the state court, including on appeal if necessary. *See Reeves*, 2022 WL 1125267, at *1. Accordingly, the Court must abstain from proceeding any further with this action.

Because the Court concludes that it lacks subject-matter jurisdiction based on the domestic relations abstention doctrine, it need not address Justice Adams's arguments regarding state sovereign immunity or *Younger* abstention. *See Fernandez v. Turetsky*, No. 12-cv-4092 (SLT), 2014 WL 5823116, at *3 (E.D.N.Y. Nov. 7, 2014) (concluding subject-matter jurisdictional defect required dismissal and thus declining to address other potential defect).

**II. Failure to State a Claim**

Even if the Court had subject-matter jurisdiction, it still would have to dismiss this action because Evans has failed to state a claim upon which relief can be granted. To the extent Evans seeks damages, (*see* 3d Am. Compl. ¶ 8 (stating that

10

"Plaintiff seeks declaratory damages")), judicial immunity forecloses any relief.  Judges have absolute immunity from civil liability for any acts they perform in their judicial capacity, even if alleged to have acted maliciously, corruptly, or in excess of their jurisdiction.  *Bradley v. Fisher*, 80 U.S. 335, 351 (1871).  Congress did not abrogate judicial immunity when it passed the Civil Rights Act of 1871, 42 U.S.C. § 1983, the statute under which Evans brings his claims.  *See Pierson v. Ray*, 386 U.S. 547, 554 (1967).  Judicial immunity can be overcome only with respect to non-judicial conduct or if the judge acts in the "clear absence of all jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 356–57, 360 (1978) (quoting *Bradley*, 80 U.S. at 352).

   Evans's allegations against Justice Adams concern exclusively judicial acts.  Whether an act is "judicial" depends on whether the act is normally one performed by a judge and whether the parties dealt with the judge in his or her judicial capacity.  *Id.* at 361-62 (finding defendant judge's *ex parte* order approving mother's request for minor daughter to undergo tubal ligation judicial act despite judge not assigning docket number, placing case on file with clerk, giving notice to minor, holding hearing, or appointing guardian ad litem).  The court must consider only the act's "general function," not the specific facts as to *how* the defendant allegedly performed it.

11

*Mireles v. Waco*, 502 U.S. 9, 12-13 (1991) (explaining act at issue was properly characterized as a "direction to an executive officer to bring counsel before the court," not a "direction to police officers to carry out a judicial order with excessive force"). Here, Evans's allegations against Justice Adams arise from orders she issued in her judicial capacity while presiding over proceedings involving Evans. (*See* 3d Am. Compl. ¶¶ 27, 35, 37, 39, 43, 45, 51, 55, 59, 62, 66); *Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) (finding defendant's entry of order of protection in state child custody proceedings a judicial act). The "general function" of such acts is quintessentially judicial; the more specific context in which those acts were allegedly performed cannot change that.

Evans also has not plausibly alleged that Justice Adams acted in the clear absence of all jurisdiction. The Supreme Court of New York has subject-matter jurisdiction over matrimonial actions and may issue orders of protection. N.Y. Dom. Rel. Law § 252. It also may "remove to itself an action pending in another court and consolidate it." N.Y. C.P.L.R. § 602(b). The Appellate Division has specifically approved the removal and consolidation of Family Court proceedings into actions pending in the Supreme Court. *See, e.g.*, *Giasemis v. Giasemis*, 32 N.Y.S.3d 254, 256 (2d Dep't 2016). As a justice of the Kings County Supreme Court, Justice Adams had authority to

12

adjudicate the proceedings at issue here.  *See* N.Y. Jud. Law § 147-A.  The jurisdictional errors Evans alleges Justice Adams committed, (*see* 3d Am. Compl. ¶¶ 25, 27, 30-31), even assuming they *were* errors, amount at most to acts done "in excess of jurisdiction," not in the "clear absence of all jurisdiction," *see Stump*, 435 U.S. at 357-58 (finding defendant judge did not act in the clear absence of all jurisdiction where state law afforded defendant's court "broad" grant of general jurisdiction and plaintiff cited no statute or case law explicitly forbidding defendant from granting request at issue).  Thus, Evans's Third Amended Complaint does not plausibly allege facts supporting either condition that could pierce Justice Adams's judicial immunity.

To the extent Evans seeks a declaratory judgment or injunction, his claims are barred by the plain text of 42 U.S.C. § 1983, the statute under which he brought this action.[7]  Although common law judicial immunity does not bar an action under Section 1983 against a judge to the extent the plaintiff seeks prospective relief, *Pulliam v. Allen*, 466 U.S. 522, 541-42

---

[7] Though Evans characterizes this action as "under the Declaratory Judgment Act," (*see* 3d Am. Compl. ¶ 4), that statute does not create any substantive rights, *Travis v. Navient Corp.*, 460 F. Supp. 3d 269, 286 (E.D.N.Y. 2020). Rather, it provides a previously unavailable remedy for an independently sufficient underlying substantive claim.  *Travis*, 460 F. Supp. 3d at 286. Thus, Evans's claims are more accurately described as brought "under" the statute that provides the substantive basis for his declaratory judgment request.  Here, that statute is the Civil Right Act of 1871, 42 U.S.C. § 1983, which allows a private right of action against a state official who deprives a person of his or her federal constitutional or statutory rights.

13

(1984), Congress statutorily restricted the availability of such relief through the Federal Courts Improvement Act of 1996, *Fontil v. Abrams*, No. 23-cv-4875 (LTS), 2023 WL 3996664, at *2 (S.D.N.Y. June 14, 2023). As amended by that statute, Section 1983 prohibits "injunctive relief" against a "judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see Beaubrun v. Brennan*, No. 23-cv-5201 (AMD), 2023 WL 7003714, at *4 (E.D.N.Y. Oct. 24, 2023) (noting this restriction also applies to declaratory relief). Because Evans does not allege that Justice Adams violated a declaratory decree or that declaratory relief was unavailable, Section 1983 bars his claims against her. *See Chaffatt v. Vargas*, No. 18-cv-5888 (KAM), 2019 WL 1044098, at *1 (E.D.N.Y. Mar. 5, 2019); *see also Ashmore v. New York*, No. 12-cv-3032 (JG), 2012 WL 2377403, at *3 (E.D.N.Y. June 25, 2012) ("Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.") (quoting *LeDuc v. Tilley*, No. 05-cv-157 (MRK), 2005 WL 1475334, at *7 (D. Conn. June 22, 2005)).

### III. Leave to Amend

Because the Court dismisses this action for lack of subject-matter jurisdiction, the dismissal is without prejudice.

14

*See Jusino v. Fed'n of Catholic Teachers, Inc.*, 54 F.4th 95, 106 (2d Cir. 2022). A dismissal with prejudice for failure to state a claim is an adjudication on the merits, which matters because a merits adjudication may have preclusive implications for a future state court action raising the same claims. *See Goureau v. Lemonis*, 2021 WL 5909742, at *1 (S.D.N.Y. Dec. 14, 2021). A dismissal for lack of subject-matter jurisdiction means that the court has no authority to adjudicate the merits, so a dismissal on that ground cannot be with prejudice. *Faculty, Alumni, & Students Opposed to Racial Preferences v. NYU*, 11 F.4th 68, 78 (2d Cir. 2021).

Still, the Court will not allow Evans another opportunity to amend his complaint, so Evans may not litigate this action in this Court. *See Harty v. West Point Realty*, 28 F.4th 435, 445 (2d Cir. 2022) ("A dismissal for lack of jurisdiction without leave to amend is not the same thing as a dismissal with prejudice.") (quoting *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019)). An amendment cannot reasonably be expected to cure the defects that require dismissal now, so granting leave at this juncture would be futile. *See Dixon v. Raymat*, No. 22-cv-10910 (LTS), 2023 WL 2917309, at *5 (S.D.N.Y. Apr. 11, 2023) (denying *pro se* plaintiff leave to amend where plaintiff's claims were barred by judicial immunity and domestic relations abstention doctrine).

15

The fact that the Court already granted Evans three opportunities to amend his complaint further weighs against granting leave to amend. *See Khalil v. Pratt Inst.*, 818 F. App'x 115 (2d Cir. 2020) (affirming dismissal with prejudice because district court already granted *pro se* plaintiff three opportunities to amend). The Court's previous order denying Evans's motion for preliminary injunctive relief flagged potential defects in his original Complaint regarding judicial immunity and the restrictions that Section 1983 places on claims against "judicial officer[s]." (*See* ECF No. 5 at 5–7 & n.1.) After Evans amended the Complaint, the Court explained to Evans at a pre-motion conference that deficiencies remained in his First Amended Complaint and granted him "a final opportunity to amend." Despite that warning, after filing his Second Amended Complaint and reviewing Justice Adams's motion to dismiss, Evans sought leave to file the present Third Amended Complaint. (*See* ECF No. 24.) Though the Court's January 24, 2023, order granted that request, it also admonished Evans that this was his "final opportunity to amend his complaint" and that he would "not be granted further leave to amend." Given the futility of any additional amendment and the ample opportunity Evans already had to address these pleading deficiencies, granting further leave to amend would accomplish nothing but needlessly and wastefully prolonging this litigation.

16

## **CONCLUSION**

For the reasons stated above, the Court dismisses this action without prejudice for lack of subject-matter jurisdiction and denies leave to amend.

The Clerk of Court is respectfully requested to enter judgment dismissing this action without prejudice, close this case, serve a copy of this Memorandum and Order on Evans by email and regular mail, and note service on the docket.

Although Evans has paid the filing fee, the Court certifies in accordance with 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and thus denies Evans *in forma pauperis* status should he appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Justice Adams's April 12, 2023, letter request, (ECF No. 46), is denied as moot.

**SO ORDERED.**

Dated:    January 26, 2024
          Brooklyn, New York

_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York